IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CV-23-BO

CHRISTINE GAIL UPTON, )
)
Plaintiff, )
)
v. ) ORDER
)
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security*,[1] )
)
Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 17, 22]. A hearing was held on these matters before the undersigned on May 20, 2022, at Edenton, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed her applications in October 2016 alleging disability beginning August 1, 2014. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling on June 4, 2019. The ALJ's decision was subsequently remanded to a different ALJ by the Appeals Council for further consideration of plaintiff's past self-employment as an accounts payable clerk.

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

On September 24, 2020, an ALJ held a telephonic hearing with plaintiff's consent after which the ALJ filed another unfavorable decision. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can

2

be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset date and met the insured status requirements through June 30, 2019, the ALJ found at step two that plaintiff had severe impairments – orthostatic hypotension and obesity – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform medium work with limitations of only occasionally climbing ladders, ropes, and scaffolds; frequently climbing ramps or stairs and balance, and avoiding concentrated, meaning more that occasional, exposure to unprotected heights. The ALJ found at step four that plaintiff could perform her past relevant work as a nurse assistant and child monitor. The ALJ further found, in the alternative, at step five that based on

3

plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as hand packer, cleaner, and dining room attendant. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

In her motion, plaintiff raises four assignments of error. First, plaintiff contends that the second ALJ failed to properly follow the Appeals Council's order. Second, plaintiff argues that the ALJ erred by failing to find that her mental illness and neuropathy were severe impairments at step two. Third, plaintiff argues that the ALJ failed to properly utilize the opinion evidence. Fourth, plaintiff argues that the ALJ erred in finding that plaintiff could perform medium work when such a finding is not supported by substantial evidence.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). The RFC in this case is not supported by substantial evidence. The first ALJ found that plaintiff was limited to light work but that she could return to her past relevant work as an accounts payable clerk was thus not disabled. Although the Appeals Council vacated that decision when it chose to remand the matter on the issue of past relevant work, and defendant correctly argues that such vacatur did not require the second ALJ to adopt the light RFC finding, the record nonetheless does not contain substantial evidence that supports a finding that plaintiff could perform more than light work on a regular and continuing basis, meaning eight hours per day, five days per week. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

In arriving at her RFC finding, the ALJ whose decision is under review relied heavily on the opinions of the state agency medical consultants from 2017. However, as the first ALJ found,

4

the determination that plaintiff could perform medium work, which requires frequent lifting or carrying of twenty-five pound objects, was not supported by the radiographic evidence of deterioration in plaintiff's knees and the impact of plaintiff's obesity as evidence in her complaints of pain. Tr. 124. The ALJ further failed to sufficiently address the record of plaintiff's treatment for neuropathic pain, which would further impact plaintiff's exertional level. Plaintiff's neurologist found that plaintiff's polyneuropathy was likely due to her history of chemotherapy and that plaintiff experiences tingling in her hands and feet. Tr. 1302. Plaintiff was further found to have joint pain, joint stiffness, and joint swelling, Tr. 1126, and plaintiff's treating pain physician diagnosed plaintiff with neuropathy, pain in both legs, and prescribed both Norco and Gabapentin. Tr. 1435-37. In arriving at her RFC finding, the ALJ either cherry-picked portions of the record which would support the medium RFC or failed to address the records in their entirety. *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). At bottom, plaintiff has demonstrated that the RFC finding of medium work is not supported by substantial evidence. A finding of light work, as determined by the first ALJ, is, however, supported.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Based upon plaintiff's RFC of light and other factors, the Medical Vocation Guidelines dictate a finding of disabled when plaintiff turned fifty-five, and plaintiff thus has a fully favorable claim as of December 8, 2018. *See* 20 C.F.R. Part 404, Subpt. P, App'x II. Accordingly, remand to the Commissioner would serve no purpose and the Court in its discretion will reverse and remand the matter for an award of benefits.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 22] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits in accordance with the foregoing.

SO ORDERED, this ___8___ day of June 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE